HARRY McCAIN, Appellant, v. J. B. DESNOYERS, Respondent.

St. Louis Court of Appeals, December 10, 1895.

Master and Servant: DISCHARGE FOR DISOBEDIENCE OF ORDERS. The refusal of a servant to obey the reasonable orders of his master is good ground for his discharge; nor is it necessary, where the nature of the employment does not invest the servant with discretionary powers, that the disobedience should be perverse.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*J. E.* and *J. F. Merryman* for appellant.

The court erred in giving instruction number 2 for defendant. To instruct that disobedience of an order warrants the servant's discharge without requiring the disobedience to be intentional or malicious is error. An employer has no arbitrary power to dismiss his employee for a disobedience of orders that involves no serious consequences and is not willful in the sense of being perverse, insubordinate, or unreasonable; and its reasonableness is for the jury. Nor

can disobedience be made a pretext for dismissal apart from the injury it causes. 14 Am. and Eng. Encyclopedia of Law, p. 789; *Schouler's* Domestic Relations, sec. 462; *Shaver v. Ingham*, 58 Mich. 649; *Turner v. Mason*, 14 M. & W. 112; *Filluel v. Armstrong*, 7 Ad. & El. 557; *Calls v. Brouncker*, 4 C. & P. 518; *Edwards v. Levy*, 2 Fost. & Fin. 94; *Cressons v. Skinner*, 11 M. & W. 161; *Smith v. Allen*, 3 Fost. & Fin. 157; *Jones v. Graham, etc., Trans. Co.*, 51 Mich. 539; *Ford v. Danks*, 16 La. Ann. 119.

*H. M. Pollard* for respondent.

ROMBAUER, P. J.—The plaintiff seeks to recover damages caused to him by a wrongful discharge from service. The petition sets out the contract, which bears date August 12, 1893, and by which the defendant employed plaintiff for one year from October 15, 1893, as his traveling salesman in the state of Texas at a compensation of $75 per month and traveling expenses. The contract provides that plaintiff should devote his entire time, while in defendant's service, to the business of the latter, subjecting himself to his orders, and that the agreement was to take effect October 15, 1893. The petition charges that the plaintiff fully complied with his part of the contract, but that the defendant on or about November 20, 1893, wrongfully discharged him, to plaintiff's damage, etc.

The answer admits the execution of the contract, but sets up in defense: First, that the defendant was induced to enter into said contract by the plaintiff's representations that he had formerly traveled in the state of Texas for other jobbing houses, had thoroughly canvassed the state and was thoroughly familiar with the merchants of that state; that such representations were false; that the acquaintance of plaintiff with

Texas merchants was very limited; and that, after a fair trial, the defendant found that the plaintiff was unable to make sufficient sales to warrant the continuance of his employment as a traveling salesman. Next, that by the contract the plaintiff subjected himself to the defendant's orders; that one important and reasonable order, given to him when he started on his travels, was to keep the defendant constantly advised in advance of his whereabouts, so that he could at all times be reached by letter or wire; that such information was of great importance to the defendant, but that the plaintiff entirely neglected to inform the defendant where he could be reached by him.

The reply was a general denial. No waiver was pleaded. The cause was tried by a jury, who found a verdict for the defendant.

The errors assigned by the plaintiff are, that the court ruled out certain evidence tending to show that under date of October 2, 1893, he advised the defendant by letter that he had never traveled in the state of Texas before; also that the court gave an erroneous instruction to the jury touching the defendant's right to discharge the plaintiff for disobedience of his instructions.

The plaintiff, while on the stand, stated upon his cross-examination that he never told the defendant that he had formerly traveled in Texas. The defendant gave evidence that, at the date of the signing of the contract, the plaintiff stated that he had traveled in Texas as a salesman for several years, and was acquainted with nearly all the merchants there, and that such statement formed a material inducement for plaintiff's employment. On his cross-examination the defendant was asked whether he had not received a letter from the plaintiff under date of October 2, 1893, in which the plaintiff stated *that he did not have any list*

*of customers in Texas, and hence could not furnish such a list.* The defendant answered that he did not remember whether such a letter was received. The court thereupon said that, if the object of plaintiff's counsel was to show that plaintiff informed the defendant *after he had this contract* that he had no list of customers in Texas, he would sustain the objection *to the letter.* The court's ruling is somewhat obscure, as no *letter was offered* in evidence. The ruling, moreover, seems to have been put on an erroneous ground. Nevertheless, we can not see how it was prejudicial to the plaintiff. It is not pretended that the letter stated that plaintiff had never traveled in Texas, or that he had never canvassed the state, or that he was not thoroughly familiar with its merchants. The letter, as far as its contents were disclosed to the court, contained merely the statement that the plaintiff *had no list of customers in Texas*, and this had no tendency to disprove the first defense set up in the defendant's answer.

The plaintiff gave evidence tending to show that he complied with the directions of the defendant. The defendant gave evidence tending to show that he did not comply with them in the following particulars. During plaintiff's sojourn of twenty-one days in Texas as a traveling salesman, he wrote only eight letters to the defendant, and in several of these letters failed to state where his next address would be, although he was directed before he left for Texas to write daily, and to give his next address in every letter. No excuse for this omission was shown. Under date of November 11, the defendant wrote to the plaintiff as follows: "One thing I want to remind you of, however, is that we expect to hear from our men every day. We trust you will not think this a hardship, as we want to know whether you are living and working for the house. This week we had but two letters from you, so that

there were four days you were lost to us." This letter was received by the plaintiff at Bonham, Texas, from which place he wrote to the defendant on the fourteenth. He next wrote on the sixteenth, and next on the nineteenth. The plaintiff was recalled on the twenty-first.

The instruction of which plaintiff complains as erroneously predicated on this evidence is one given for the defendant, and is as follows:

"If the jury believes from the evidence that the defendant ordered and directed plaintiff at the time of. his employment, and subsequently, at all times when on the road to keep defendant constantly advised in advance of his whereabouts, so that he could at all times be reached by wire or letter, and that he disobeyed said order, then defendant was justified in discharging him, and you will find for defendant."

A text writer of recognized authority states the applicatory law thus: "Refusing to obey the reasonable orders of the master is a good ground for dismissal from service, for in every contract of hiring there is an implied contract on part of the servant that he will obey the lawful and reasonable commands of his master.    *    *    *    *    *    *    *    The question of reasonableness, etc., is one of fact, and the servant would be required to establish the unreasonable character of the command by evidence that is clear and unequivocal, as the law will not tolerate insubordination on part of the servant unless it is clearly supported by a valid and legal excuse.    *    *    *    But in determining this question, reference must always be had to the contract, the nature and character of the business for which the servant was employed, and the command itself. What might be regarded as insubordination in a servant employed in one capacity might not be so regarded of a servant in another." Wood on Master and Servant,

sec. 119. There are cases cited which go to the extent of holding that to justify a discharge for disobedience of orders, the disobedience must be perverse, and result in material injury to the master, but these cases can not be vindicated on principle, where the nature of the employment invests the servant with no discretionary powers.

Now, in the case at bar the plaintiff on the subject in question was invested with no discretionary powers. That the order to make daily reports of his whereabouts was reasonable is not questioned by any evidence in the case, and is fully shown by the nature of his employment. It is shown, and not contradicted, that his failure to do this resulted in material injury to his employers in one instance at least. That the orders were disobeyed by him his own evidence concedes. The omission of daily reports consisted not of one isolated instance, but was almost continuous from the day the plaintiff left St. Louis until his recall. Under these circumstances we can not hold that the giving of the instruction complained of constituted prejudicial error. All the judges concurring, the judgment is affirmed.